**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Bruce Holman,

    Petitioner,

v.

Warden Mark Theilan,

    Respondent.

Civ. No. 10-1693 (JNE/JJK)

**REPORT AND RECOMMENDATION**

Bruce Holman, #223330, 1101 Linden Lane, Faribault, MN 55021, *pro se*.

David J. Hauser, Assistant Otter Tail County Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on Petitioner Bruce Holman's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), and Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 7). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Respondent's motion be granted, the Petition be denied, and that this action be dismissed with prejudice.

## BACKGROUND

On July 11, 2006, Petitioner was arrested in Otter Tail County, Minnesota, for refusal to submit to a chemical test in the first degree in violation of Minn. Stat. §§ 169A.20, subd. 2, and 169A.24, subd. 1, and other traffic-related offenses. On January 18, 2007, a jury in Otter Tail County District Court found Petitioner guilty on the first-degree test-refusal charge. Under Minnesota law, a violation of an alcohol-related driving offense, including test refusal, can be enhanced to a first-degree felony if the violation is committed "within ten years of the first of three or more qualified prior impaired driving incidents." Minn. Stat. § 169A.24, subd. 1(1). In addition, prior impaired driving convictions and prior impaired driving-related losses of license, as well as equivalent out-of-state convictions, constitute incidents that qualify for enhancements. *See* Minn. Stat § 169A.03, subd. 20(5), 21(4), 22.

On May 25, 2007, a sentencing hearing was held. Petitioner had previously stipulated, on the day of trial, to having two prior alcohol-related driving offenses in Minnesota, and one Driving Under the Influence ("DUI") offense in North Dakota. Thereafter, Petitioner's attorney challenged the state's use of the North Dakota conviction, arguing that there was no evidence to show that Petitioner had legal representation with respect to the North Dakota DUI and that an uncounseled conviction of this sort could not be used to enhance a Minnesota alcohol-related driving offense. The district court, however, found that

Petitioner had waived this issue by failing to raise it at an omnibus hearing before trial.  Taking into account both his history of intoxicated-driving offenses and his other criminal history, Petitioner was ultimately sentenced to a 66-month term of imprisonment.

In July 2007, Petitioner filed his first appeal to the Minnesota Court of Appeals.  In that appeal, Petitioner argued that the district court erred in using his prior North Dakota DUI conviction to enhance his sentence for the test-refusal conviction.  The Minnesota Court of Appeals decided that there was a procedural bar to this claim, and concluded that:

> In order to challenge the district court's use of his prior conviction for sentencing-enhanced purposes, appellant was required to (1) promptly notify the state that his North Dakota DUI conviction was obtained in violation of his constitutional rights and (2) produce evidence to support that contention.  *State v. Mellett*, 642 N.W.2d 779, 789 (Minn. App. 2002).  Here, although appellant had several months notice that the state intended to use his North Dakota conviction for charge-enhancement purposes, he neglected to raise this argument until the day of trial.  Furthermore, appellant failed to put forth any evidence in support of his contention that his North Dakota conviction was obtained in violation of his right to counsel.  Although appellant testified that he could not remember whether he was represented with regards to the North Dakota offense, he failed to submit an affidavit or any other evidence to support his constitutional claim.  And because appellant failed to meet the notice and evidence requirements set forth in *Mellett*, the state had no burden to prove that appellant was counseled with regards to his prior North Dakota DUI conviction.

*State v. Holman*, No. A07-1443, 2008 WL 4628407, at *8 (Minn. Ct. App. Oct. 21, 2008).

Petitioner sought review from the Minnesota Supreme Court of the Court of

Appeals' ruling that the refusal of the district court to reopen the omnibus hearing was not an abuse of discretion. Petitioner asked the Minnesota Supreme Court "to accept review in order to clarify that the accuracy of a defendant's criminal history score cannot be waived and that a trial court may not refuse to hear argument regarding its accuracy." (Doc. No. 9, Index, Ex. 10 at 6.) The Minnesota Supreme Court denied the petition for review on December 23, 2008.

In this habeas action, Petitioner contends that the state court "violated Due Process and other constitutional rights" because the court there never held a proper evidentiary hearing at which the state was required to prove that Petitioner had legal representation with respect to his prior North Dakota DUI conviction. (Doc. No. 1, Petition at 4.)[1] He contends that an uncounseled conviction could not be used to enhance a Minnesota alcohol-related driving offense and that he should only "have been charged with a gross misdemeanor test refusal and as such [he] would not have been sent to prison." (Doc. No. 12, Pet'r's Resp. to Mot. to Dismiss Pet. for Writ of Habeas Corpus and Reply to Resp't 4.)

---

[1] Although Petitioner lists four grounds for relief in his Petition, all four "grounds" relate to his argument that the state court should have held an evidentiary hearing to determine whether Petitioner had legal representation with respect to his prior North Dakota DUI conviction. (See Doc. No. 1, Petition at 4.) Further, in his Reply, Petitioner makes clear that this is the only issue raised in this federal habeas case when he states that "[t]he issue at hand is . . . the refusal of that District Court to allow and hold a proper evidentiary hearing after Petitioner filed an Affidavit and Motion challenging the State's proof of all prior out-of-state convictions." (Doc. No. 12, Pet'r's Resp. to Mot. to Dismiss Pet. for Writ of Habeas Corpus and Reply to Resp't 1.)

## DISCUSSION

**I. Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), prescribes the standards that govern this Court's substantive review of Petitioner's habeas corpus claims. The relevant portion of AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Supreme Court recognized that –

> a state-court decision can be 'contrary to' this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id*. at 405.

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 413.

The Court also explained that –

> A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was *objectively unreasonable* . . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 411 (emphasis added).

A writ of habeas corpus may also be available where the state courts' resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the conviction is based on findings of fact that could not reasonably be derived from the state court evidentiary record. When reviewing a state court decision, however, "a federal court . . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000); *see also* 28 U.S.C. § 2254(e)(1).

Needless to say, a federal district court is not allowed to conduct its own

6

de novo review of a state prisoner's constitutional claims. Habeas relief cannot be granted unless the prisoner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in *Williams*.

## II.   Analysis

Respondent first argues that Petitioner did not fairly present his federal constitutional claims to the state court and thus those claims are unexhausted. This argument is based on the principle that in order to strike the appropriate balance between federal and state authority, the state courts should be given a first and fair opportunity to review federal constitutional claims before a federal court exercises habeas review power to determine whether a prisoner is being detained in violation of the U.S. Constitution. And, to ensure that the state court has a fair presentation of the constitutional claim, the habeas petitioner must have referred the state court "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005).

In this case, there is some support for Petitioner's argument that he did present a federal constitutional issue to the state's highest court for review. For example, in his "Petition for Review Ammendment [sic] Evidence" filed with the

Minnesota Supreme Court on October 22, 2009, Petitioner cites "U.S.C.A. Const. Amends. 5 & 6" in support of his argument that the state failed "to prove the validity requirements of the North Dakota misdemeanor DUI conviction." (Doc. No. 13, Exhibit in Opposition at 64 of 65.) There is also, however, a credible argument that this type of reference to the U.S. Constitution is not enough to constitute a fair presentation of the issue to the state court. *See Cox*, 398 F.3d at 1031. Although further support for the fulfillment of the fair-presentation requirement may be found by digging through the state court filings to find whether there are other references to constitutional provisions or the citation to state court decisions that are based on federal constitutional requirements, we need not do so here. As the Eighth Circuit observed in *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999), "judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." For the following reasons, Petitioner cannot prevail on the merits of his habeas claim.

Petitioner's habeas claim that the state court should have held an evidentiary hearing at which the state would have been required to prove that the North Dakota DUI conviction was counseled was rejected by the Minnesota Court of Appeals because Petitioner had failed to comply with state procedural requirements. Petitioner had failed "to (1) promptly notify the state that his North Dakota DUI conviction was obtained in violation of his constitutional rights, and

(2) produce evidence to support that contention." 2008 WL 4628407, at *8. Petitioner had thus failed to meet the notice and evidence requirements of state law and his claim was barred. As a result of this procedural default, the state court decision rests on a state-law ground that is independent of any federal constitutional question and is adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment . . . . This Rule applies whether the state law ground is substantive or procedural.") This independent-and-adequate-state-ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." (*Id.* at 729-30.)

This Court cannot review such a procedurally barred claim unless Petitioner can show cause and prejudice for the default, or that failure to consider the claim results in a fundamental miscarriage of justice. (*Id.* at 749-50.) Cause ordinarily requires the showing of "some external impediment preventing counsel from constructing or raising the claim" in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). No such claim is made here. Petitioner was represented by counsel throughout his criminal proceeding and had full opportunity to raise the

9

issue in a timely fashion with adequate notice to the state. Thus, the "cause-and-prejudice" exception does not apply. *See Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) ("Since [petitioner] has not shown adequate cause to overcome the procedural bar in this case, moreover, we need not consider the issue of actual prejudice."). And the fundamental-miscarriage-of-justice exception is available only, at a minimum, when the constitutional error probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To show this exception, a petitioner must show reliable evidence supporting the assertion of his innocence. No such showing is made here concerning the underlying conviction.

It should be noted that the reason why this Court recommends that Petitioner's habeas claim should be dismissed is not because Petitioner failed to exhaust the claim in state court. Although the procedural-default doctrine is based upon many of the same policy considerations and federalism principles as the exhaustion doctrine, the difference between them is that the independent-and-adequate-state-ground doctrine is jurisdictional. This Court "has no power to review a state law determination that is sufficient to support the judgment, [and] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Coleman*, 501 U.S. at 729. Further, "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements

for presenting his federal claims [like Petitioner], has deprived the state courts of an opportunity to address those claims in the first instance." *Id*. at 731-32. Therefore, a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [and] there are no state remedies any longer 'available' to him." *Id.* at 732 (citing 28 U.S.C. § 2254(b); *Engel v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982)). The independent-and-adequate-state-ground doctrine "ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Id*. Accordingly, based on all of the above, this Court recommends that this case be dismissed.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 7), be **GRANTED**;

2. Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), be **DENIED**; and

3. This case be **DISMISSED WITH PREJUDICE**.

Date: October 21, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and

Recommendation by filing with the Clerk of Court, and serving all parties by **November 4, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.